**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>PRIME METALS & ALLOYS, INC.,<br><br>　　　　　　　　　　Debtor. | Bankruptcy Case No. 17-70164-JAD<br><br>Chapter 11 |
| PRIME METALS & ALLOYS, INC.,<br><br>　　　　　　　　　　Movant,<br><br>　　　v.<br><br>S&T BANK,<br><br>　　　　　　　　　　Respondent. | |

**EXPEDITED MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363; (III) SCHEDULING INTERIM AND FINAL HEARINGS PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c); AND (IV) GRANTING RELATED RELIEF**

PRIME METALS & ALLOYS, INC. ("**Prime**" or the "**Debtor**") files this expedited motion (the "**Motion**") for the entry of an interim order (the "**Interim Order**") and a final order (the "**Final Order**") (collectively, the "**Cash Collateral Orders**"), pursuant to a variety of provisions and related authority[1] that, among other things: (i) authorize the Debtor to immediately use, and continue to use, Cash Collateral[2] as set forth in this Motion; (ii) grant adequate protection liens to the prepetition secured parties; (iii) pursuant to Bankruptcy Rule 4001, schedule an interim

---

1    Specifically, Sections 105, 361, 363(b), and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the W.PA.LBR 4001-2of the local rules for the Western District of Pennsylvania (the "**Local Rules**").

2    "Cash Collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) of the Bankruptcy Code, whether existing before or after the commencement of a case under the Bankruptcy Code. 11 U.S.C. § 363(a).

1

hearing (the "**Interim Hearing**") on the Motion to be held before this Court to consider entry of the Interim Order; and (iv) schedule a final hearing (the "**Final Hearing**") to be held within 40 days of the entry of the Interim Order to consider entry of the Final Order. In support thereof, the Debtor avers as follows.

## PRELIMINARY STATEMENT

The Debtor began as a scrap-trading company and has grown to manufacturing and providing alloys, ingots, specialty scrap materials and customized scrap blends. The Debtor employs 68 men and women and provides invaluable benefits to the industry and community in which the Debtor operates. The key issues facing this Debtor involve the Debtor's attempt to recover from previous downturns in the industry and significant debt obligations. Through the above-captioned bankruptcy case, the Debtor has a real opportunity to create a stronger and more prosperous company for its employees and surrounding community. In furtherance of that goal the Debtor has engaged in a protracted pre-petition sales and marketing process and expects to file a sale motion with a stalking horse bidder early in the case. This outcome is not possible unless the Debtor obtains approval to use its Cash Collateral.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

2. On March 1, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its assets and is managing its business as a

debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

4. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

5. In connection with this Motion, the Debtor has filed several related "First Day Motions," through which the Debtor seeks, *inter alia*, approval to continue using its existing bank accounts and cash management systems, approval to pay its employees in the ordinary course, an order determining that the Debtor has adequately protected its utility providers, and authority, but not the directive, to pay certain critical vendors.

6. If approved, the Debtor cannot realize the benefit of the foregoing motions unless it has the authority to use its Cash Collateral.

## DEBTOR'S PREPETITION DEBT TO LENDER

7. Upon information and belief, S&T Bank ("**Lender**") is the only secured creditor with a lien on the Debtor's Cash Collateral. As of February 28, 2017, the Debtor had funded debt outstanding to Lender of approximately $11,810,104.26, as follows:

| Indebtedness | Principal (As of 2/28/2017) | Current Interest Rate | Maturity Date |
| --- | --- | --- | --- |
| S&T Note 001 | $31,329.02 | 3.75% variable | 3/1/2017 |
| S&T Note 203 | $39,232.99 | 1.75% variable | 4/21/2017 |
| S&T Note 204 | $6,499,276.02 | 2.75% variable | 12/31/2016 |
| S&T Note 205 | $5,192,909.75 | 1.75% variable | 12/16/2018 |

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks the entry of the Cash Collateral Orders: (a) authorizing the Debtor to, among other things, continue to use Cash Collateral, (b) provide adequate protection to Lender and (c) granting the other relief described at the beginning of this Motion, and such other relief as may be just or proper.

3

## SUMMARY OF CASH COLLATERAL TERMS

9. W.PA.LBR 4001-2(b)(2) provides, "All financing motions shall also provide a summary of the essential terms of the proposed use of cash collateral and/or financing (e.g., the maximum borrowing available on a final basis, the interim borrowing limit, borrowing conditions, interest rate, maturity, events of default, use of funds limitations, and protections afforded under 11 U.S.C. §§ 363 and 364).

10. The following is a summary of the Debtor's use of Cash Collateral, as requested by this Motion: The Debtor seeks the authority to use Cash Collateral in accord with the budget attached to the Interim Order. In exchange for Lender's consent to the Debtor's use of Cash Collateral, the Debtor shall grant Lender Replacement Liens,[3] remit interest only adequate protection payments to Lender so long as the Debtor is authorized to use Cash Collateral, and remit two (2) principal and interest payments to Lender such that (i) the principal and interest due to Lender for December of 2016 is paid in full; and (ii) the Lender receives one (1) additional payment of principal and interest due and owing from the Debtor.

## BASIS FOR RELIEF

**A.    Approval of Use of Cash Collateral is Appropriate.**

11. The Debtor respectfully requests immediate use of all Cash Collateral existing on or after the Petition Date.

12. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

---

[3]    Capitalized terms not otherwise defined herein shall have the same definitions as ascribed to them in the Interim Order.

13. The Court should grant the Debtor's request to use Cash Collateral because the necessary party with an interest in such Cash Collateral, *i.e.*, Lender, has consented to such use of Cash Collateral.

14. The Debtor has an urgent need for the immediate use of the Cash Collateral. The Debtor needs the Cash Collateral to honor obligations to parties who are critical to the success of its ongoing operations, including employees, vendors, and customers. Absent access to Cash Collateral, the Debtor's business will deteriorate, with damaging consequences for the Debtor and its estates and creditors and bring its sale process to a halt.

15. The Debtor believes that the terms and conditions of its use of the Cash Collateral are appropriate and reasonable and that Lender will be adequately protected against any postpetition diminution in the value of their interests in the Cash Collateral, as demonstrated by Lender having consented to the Debtor's use of Cash Collateral on the terms set forth in the Interim Order, including the provision of the adequate protection described *infra*.

16. The Debtor submits that it should be authorized to use the Cash Collateral on the terms set forth in the Interim Order.

**B.    The Interests of Lender are Adequately Protected.**

17. To the extent a secured creditor's interests in collateral constitute valid and perfected security interests and liens as of the commencement of a case under the Bankruptcy Code, secured creditors are entitled to adequate protection of their valid and perfected interests in Cash Collateral and other prepetition collateral to be used by a debtor-in-possession during the course of a bankruptcy case. 11 U.S.C. § 363(e).

18. Although the Bankruptcy Code does not define "adequate protection", Section 361 of the Bankruptcy Code delineates a non-exhaustive list of the available types of adequate

protection, which include periodic cash payments, additional liens, replacement liens and the "indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.

19. The focus of the requirement is to protect a secured creditor from the diminution in the value of its interest in the particular collateral during the period of use. *See In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) ("The whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy.") (internal citations omitted).

20. The basic adequate protection offered to Lender consists of:

   a. replacement security interests and liens on all post-petition collateral to the same extent, priority and validity as its valid and enforceable prepetition liens;

   b. interest payments on the amounts due and owing under the Prepetition Loan Documents so long as the Debtor is authorized to use Cash Collateral; and,

   c. two (2) payments of principal to Lender, as follows:

      i. payment representing the balance due and owing under the Prepetition Loan Documents for the payment due in December, 2016; and

      ii. pursuant to the budget attached to the Interim Order the Debtor shall pay to Lender one (1) additional payment of principal as would be due and owing under the Prepetition Loan Documents.

21. Lender consents to the Debtor's use of Cash Collateral on the terms set forth in the Interim Order, including the adequate protection described above.

22. Accordingly, the Debtor respectfully submits that Lender is adequately protected and that the Debtor's use of Cash Collateral satisfy the requirements of the Bankruptcy Code.

**C.     Approval of Interim Relief is Appropriate.**

23.     Bankruptcy Rules 4001(b)(2) and 4001(c)(2) provide that a final hearing on a motion to use cash collateral or obtain credit, respectively, may not be commenced earlier than 14 days after the service of such motion. However, on request, the court may conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit on an interim basis "to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2), (c)(2).

24.     As described above, the Debtor urgently and immediately needs cash to pay salaries, vendors, and other day-to-day expenditures, all as set forth in the first- day motions filed concurrently with this Motion, that are critical to its continued viability.

25.     Given the immediate and irreparable harm to the Debtor, its estates, and its creditors absent interim relief, the Debtor requests that, pending the Final Hearing, the Court schedule an interim hearing within two (2) business days of the Petition Date, or as soon thereafter as practicable to consider the interim relief requested in the Motion.

**D.     The Debtor Requests a Final Hearing.**

26.     Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtor requests that the Court set a date for the Final Hearing that is as soon as practicable, but in no event later than forty (40) days following the entry of the Interim Order, and fix the time and date before the Final Hearing for interested parties to file objections to the Motion.

**W.PA.LBR 4001-2 DISCLOSURES**

27.     W.PA.LBR 4001-2(b) provides,

> Except as provided herein and elsewhere in these Local Bankruptcy Rules, all cash collateral and financing requests under 11 U.S.C. §§ 363 and 364 shall be heard by motion filed pursuant to Fed. R. Bankr. P. 2002, 4001, and 9014 ("financing motions").

7

(1) All financing motions shall (a) recite whether the proposed form of order and/or underlying cash collateral stipulation or loan agreement contains any provision of the type indicated below; (b) identify the location of any such provision in the proposed form of order, cash collateral stipulation and/or loan agreement; and (c) justify the inclusion of such provision:

(A) Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the prepetition secured creditors (i.e., clauses that secure prepetition debt by postpetition assets in which the secured creditor would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law);

(B) Provisions or findings of fact that bind the estate or other parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or the waiver of claims against the secured creditor without first giving parties in interest at least (a) one hundred twenty (120) days from the date of the order, or (b) ninety (90) days from the date a committee is formed and retains counsel, to investigate such matters;

(C) Provisions that seek to waive or release, without notice and/or hearing, whatever rights the estate may have under applicable law, including without limitation, Chapter 5 of the United States Bankruptcy Code;

(D) Provisions that immediately grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, and 549;

(E) Provisions that deem prepetition secured debt to be postpetition debt or that use postpetition loans from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in U.S.C. § 552(b);

(F) Provisions that provide disparate treatment for the professionals retained by a creditors' committee from those professionals retained by the debtor with respect to a professional fee carve-out; and

(G) Provisions that prime any secured lien without the consent of that lienor.

28. To satisfy the disclosure requirements of W.PA.LBR 4001-2(b), the Debtor avers as follows:

| **W.PA.LBR 4001-2(b)(1)** | **Included in Interim Order** | **Location in Interim Order** | **Justification for Inclusion** |
|---|---|---|---|
| (A)      Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the prepetition secured creditors (i.e., clauses that secure prepetition debt by postpetition assets in which the secured creditor would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law); | None | N/A | N/A |
| (B)      Provisions or findings of fact that bind the estate or other parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or the waiver of claims against the secured creditor without first giving parties in interest at least (a) one hundred twenty (120) days from the date of the order, or (b) ninety (90) days from the date a committee is formed and retains counsel, to investigate such matters; | None | N/A | N/A |
| (C)      Provisions that seek to waive or release, without notice and/or hearing, whatever rights the estate may have under applicable law, including without limitation, Chapter 5 of the United States Bankruptcy Code; | None | N/A | N/A |
| (D)      Provisions that immediately grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, and 549; | None | N/A | N/A |
| (E)      Provisions that deem prepetition secured debt to be postpetition debt or that use postpetition loans from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in U.S.C. § 552(b); | None | N/A | N/A |

9

| | | | |
|---|---|---|---|
| (F)     Provisions that provide disparate treatment for the professionals retained by a creditors' committee from those professionals retained by the debtor with respect to a professional fee carve-out; and | Yes | Paragraph 11 | The Debtor will have completed the majority of the legal services required before the United States Trustee will have formed the Committee and the case focuses on a sale of all the Debtor's assets |
| (G)     Provisions that prime any secured lien without the consent of that lienor. | None | N/A | N/A |

## NOTICE

29.     The Debtor will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for the Western District of Pennsylvania; (ii) Lender; (iii) the holders of the 20 largest unsecured claims against the Debtor on a consolidated basis; and (iv) all relevant state taxing authorities.

30.     As this motion is seeking "first day" relief, notice of this motion and any order entered hereon will be served on all parties required by the Local Rules. Due to the urgency of the relief requested, the Debtor submits that no other or further notice is necessary.

[WHEREFORE CLAUSE AND SIGNATURE PAGE TO FOLLOW]

**WHEREFORE**, the Debtor respectfully requests that the Court (i) enter the Interim Order, substantially in the form attached hereto as Exhibit A, (ii) following the Final Hearing, enter the Final Order, and (iii) grant the Debtor such other and further relief as is just and proper.

                                        Respectfully submitted:

                                        BERNSTEIN-BURKLEY, P.C.

Date: March 2, 2017             By:    */s/ Daniel R. Schimizzi*
                                                     Kirk B. Burkley, Esq.
                                                     PA I.D.: 89511
                                                   kburkley@bernsteinlaw.com
                                                   Allison L. Carr, Esq.
                                                   PA I.D.: 203815
                                                   acarr@bernsteinlaw.com
                                                   Daniel R. Schimizzi, Esq.
                                                   PA I.D.: 311869
                                                   dschimizzi@bernsteinlaw.com
                                                   BERNSTEIN-BURKLEY, P.C.
                                                   707 Grant St., Ste. 2200, Gulf Tower
                                                   Pittsburgh, PA 15219
                                                   Phone: (412)456-8121
                                                   Fax:   (412)456-8135
                                                   *Proposed Counsel for the Debtor*